IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BEVERLY JEAN FOWLER, *Individually as Surviving parent of Walter Alan Pickels, Jr. and as Administrator of the Estate of Walter Alan Pickels, Jr.*, | * * * * * | |
| Plaintiffs, | * | CASE NO. 3:11-CV-47 (CDL) |
| vs. | * * | |
| MADISON COUNTY, GEORGIA, *et al.*, | * | |
| Defendants. | * | |

O R D E R

Plaintiff Beverly Jean Fowler ("Fowler") filed this 42 U.S.C. § 1983 ("§ 1983") action against Madison County, Georgia and the sheriff of Madison County ("Defendants"), alleging that Defendants caused the death of Fowler's son, Walter Alan Pickels, Jr. ("Pickels"), while he was incarcerated in the Madison County Jail. Defendants made an Offer of Judgment in the amount of $7,500.00 pursuant to Federal Rule of Civil Procedure 68. Fowler accepted the offer, settling the case. The parties agreed that the settlement did not include attorney's fees and that Fowler would petition the Court for attorney's fees under 42 U.S.C. § 1988 ("§ 1988"). Presently pending before the Court is Fowler's Motion for Attorney's Fees, in which Fowler seeks

attorney's fees and expenses in the amount of $20,240.46.[1] Pl.'s Mot. for Att'y's Fees 2, ECF No. 15. Fowler's motion is granted to the extent set forth in this Order.

Under § 1988, the Court, in its discretion, may allow the prevailing party in a § 1983 action to recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Defendants do not dispute that Fowler is a "prevailing party" within the meaning of § 1988 or that Fowler is entitled to reasonable attorney's fees and expenses of litigation associated with this action. *E.g., Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002). Defendants contend, however, that the requested amount of fees and expenses is excessive.

To calculate reasonable attorney's fees, the Court must "consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services." *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In this case,

---

[1] In Fowler's motion, Fowler requests $21,072.46 in fees and expenses. Pl.'s Mot. for Att'y's Fees 2, ECF No. 15. This is an overstatement of the fees incurred due to a miscalculation of fees attributable to attorney Bret Thrasher. Fowler seeks compensation for 26 hours of Thrasher's time at a rate of $295.00 per hour, which amounts to $7,670.00. The billing statement, however, contains a subtotal for Thrasher's time in the amount of $8,502.00, which represents an average hourly rate of $327.00. *See generally* Pl.'s Mot. for Att'y's Fees Attach. 1, Thrasher Aff. Ex. D, Billing Statement, ECF No. 15-6. Given that Thrasher asserts that his hourly rate for this case was $295.00, the correct amount Fowler seeks for Thrasher's time is $7,670.00.

because Defendants do not contest the reasonableness of the hourly rates for Fowler's counsel and paralegal, the Court concludes that $295 is a reasonable hourly rate for the attorney and that $150 is a reasonable hourly rate for the paralegal. The remaining question is whether the expenses and the number of hours claimed are reasonable.

In determining the reasonable number of hours for which the prevailing party's attorney is entitled to compensation, the Court must exclude "any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (per curiam) (quoting *Hensley*, 461 U.S. at 434). The Court "must deduct time spent on discrete and unsuccessful claims." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). The Court must also deduct time spent on matters that are separate from and unrelated to the claims at issue in the § 1983 action; "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* at 1301. "Any hours the attorneys would not bill to their client may not be charged to their adversary." *Resolution Trust Corp.*, 996 F.2d at 1149.

Defendants do not challenge 37.1 hours of paralegal time and 16.8 hours of attorney time, which total $10,521.00 in fees.

Defendants also do not challenge $517.71 in expenses. Therefore, the Court concludes that those amounts should be awarded to Fowler. Defendants contend that Fowler should not recover the full amount sought for (1) estate/probate work related to the estate of Pickels, (2) work related to identifying an expert witness and (3) excessive time drafting the Complaint. Defendants also object to certain fees related to estate matters and identification of an expert witness. The Court addresses each issue in turn.

**I.   Estate Work**

The billing records presented by Fowler's counsel contain 5.6 paralegal hours and 0.8 attorney hours related to the creation of Pickels's estate and the appointment of an administrator for the estate. The billing records also contain costs of $427.75 related to estate matters, including filing costs, publication costs, travel and overnight mail expenses. While the Court recognizes that some of the estate work may have been necessary for and relevant to the § 1983 action, the Court agrees with Defendants that the fees and expenses should be reduced to half of the requested amount because Fowler has not explained how all of the estate work was necessary for the § 1983 action. Accordingly, the Court awards Fowler $538.00 in fees and $213.88 in expenses related to the Pickels estate.

**II. Expert Witness Work**

The billing records presented by Fowler's counsel contain 14.5 paralegal hours and 6.4 attorney hours related to researching, analyzing and consulting with expert witnesses. The billing records also contain costs of $600.00 for expert witness consulting fees. Fowler, however, never identified an expert witness in this case. Defendants therefore contend that these fees and expenses amount to pursuit of a "dead end" and that they should be treated as unsuccessful discrete claims. While some of the expert research was likely necessary to flesh out the strength of Fowler's claims and determine whether to accept the Offer of Judgment, the fact that Fowler never identified an expert witness militates against awarding the full amount of fees associated with the expert research. The Court finds that it is appropriate to award Fowler 20% of the requested amount. Accordingly, the Court awards Fowler $812.60 in fees and $120.00 in expenses related to researching, analyzing and consulting with expert witnesses.

**III. Excessive Time on Complaint**

According to the billing records filed by Fowler's counsel, the paralegal spent 16.3 hours drafting the Complaint in this action, and the attorney spent 2.0 hours working on the Complaint. Defendants do not contend that the attorney's time on the Complaint was excessive, but Defendants do assert that the

5

paralegal's time was excessive. The Court cannot conclude that it was clearly excessive for the paralegal to spend 16.3 hours drafting the Complaint and traveling to Madison County to file it. Therefore, the Court awards Fowler the full amount of fees sought for drafting and filing the Complaint: $3,035.00.

## CONCLUSION

As discussed above, the Court awards Fowler fees and expenses totaling $15,758.19:

| Type of Fee/Expense | Fee Total   | Expense Total |
|---------------------|-------------|---------------|
| Uncontested         | $10,521.00  | $517.71       |
| Estate Work         | $538.00     | $213.88       |
| Expert Witness Work | $812.60     | $120.00       |
| Complaint Drafting  | $3,035.00   | -             |
| **Total**           | **$14,906.60** | **$851.59** |

The Clerk is instructed to enter judgment in favor of Fowler in the amount of $7,500 based on Fowler's acceptance of the Offer of Judgment. The judgment shall also include the award of attorney's fees and expenses discussed above.

IT IS SO ORDERED, this 19th day of July, 2012.

s/ Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE